IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY K. WILLIAMSON, | ) | CIVIL NO. 14-00025 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| LOWE'S HIW, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

The court has before it a motion for summary judgment filed by Defendant Lowe's Home Centers, LLC, formerly known as Lowe's HIW, Inc. ("Lowe's"). Lowe's seeks summary judgment on Count I of the Complaint, a claim for violation of section 378-2 of Hawaii Revised Statutes, and Count II of the Complaint, a claim for intentional infliction of emotional distress. The motion for summary judgment is granted.

**II.     FACTUAL BACKGROUND.**

On or about February 2, 2011, Plaintiff Gregory K. Williamson submitted an online application for employment with Lowe's as a "Receiver/Stocker" in its Honolulu store. See ECF No. 30-2, PageID #s 269-70, 271. After multiple interviews, Lowe's offered Williamson a position conditioned on the results of a drug test and background check. See id. at PageID #s 272, 297.

On February 21, 2011, Williamson submitted a form authorizing Lowe's to request a consumer report from a third party. See id. at PageID # 298. The authorization form included questions about criminal history, and Williamson responded that he had a felony conviction. See id. at PageID # 299. In explanation, he wrote, "Previously discussed during the interview February 3, 2011 however, the charge was Assault III." See id.

During his deposition, Williamson testified that he had additional convictions other than the one listed on his authorization form. See id. at PageID # 277. Williamson's convictions include: (1) felony assault in January 1998, for which he served five years in jail; (2) harassment in June 2004, for which he served twenty days in jail; and (3) assault in the third degree in March 2005, as disclosed on his authorization form. See id. at PageID #s 286, 290-91, 305, 307. All three of these convictions were listed on the consumer report Lowe's received. See ECF 30-1, PageID # 253-59. During his deposition, Williamson also said that he had not actually discussed any conviction during the interview process. See ECF No. 30-2, PageID #s 276-77.

By letter dated March 1, 2011, Lowe's notified Williamson that information in his consumer report might "adversely affect [his] employment status." Id. at PageID # 300. Lowe's attached a copy of the consumer report to its letter and

indicated that Williamson had "the right to dispute . . . the accuracy or completeness of any information contained in the Consumer Report." Id. Williamson did not do so. See id. at PageID # 279.

Williamson says that in early March 2011 he received a voicemail message from a manager at Lowe's indicating that Lowe's would not be hiring him because of his felony criminal record. See id. at PageID #s 279-80, 281. Two days after he received the voicemail message, Williamson says he received a letter from Lowe's dated March 8, 2011, stating that Lowe's would not be offering him employment "based in whole or in part" on information contained in his consumer report. See id. at PageID #s 279, 310.

Lowe's says that it rescinded its conditional offer of employment to Williamson because of Williamson's felony assault conviction in 1998, harassment conviction in 2004, and assault conviction in 2005. See ECF No. 28-1, PageID # 135. Lowe's also says it considered the discrepancy between the convictions Williamson disclosed on his authorization form and the convictions noted in Williamson's consumer report. See id. at PageID #s 135-36.

On July 11, 2011, Williamson filed a charge of discrimination against Lowe's with the Hawaii Civil Rights Commission (the "Commission"), alleging that he was denied

employment with Lowe's as a Receiver/Stocker because of his arrest and court record in violation of chapter 378 of Hawaii Revised Statutes.  See ECF No. 30-2, PageID #s 292, 312.  On March 18, 2013, the Commission notified Williamson that his case had been investigated and a preliminary finding for closure had been made due to "insufficient evidence to substantiate discrimination."  Id. at PageID # 314.  The Commission's investigation determined that "Lowe's was legally entitled to consider [Williamson's] felony and misdemeanor assaults and petty misdemeanor harassment convictions because they bore a rational relationship to the position."  Id.  On April 1, 2013, the Commission notified Williamson that his case was being closed "on the basis of no cause."  See id. at PageID #s 295, 315.

On June 28, 2013, Williamson filed a Complaint against Lowe's in state court asserting claims for violation of section 378-2 of Hawaii Revised Statutes and for intentional infliction of emotional distress.  See ECF No. 1-2.  The action was removed to federal court on January 22, 2014.  See ECF No. 1.

Lowe's now moves for summary judgment as to both counts of the Complaint.  See ECF No. 27.

**III.    STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

4

R. Civ. P. 56(a); see Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The movant must support his or her position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file

that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587); accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in

6

order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**IV.     ANALYSIS.**

    **A.  Lowe's is Entitled to Summary Judgment as to Count I of the Complaint**.

Lowe's argues that there are no disputed issues of material fact as to Count I of the Complaint. Lowe's asserts that the factual circumstances surrounding Williamson's application for employment, the interview process, Williamson's convictions, and the revocation of Lowe's conditional offer of employment are not in dispute and that those facts support summary judgment in its favor. See ECF No. 27-1, PageID #s 121-22; ECF No. 35, PageID #s 341-42. Williamson's opposition memorandum appears to confirm that there are no disputed issues of material fact pertaining to Count I. Williamson's concise statement of facts does not dispute any of the facts set forth in

7

Lowe's concise statement. See ECF No. 32, PageID # 320. His concise statement merely adds two factual statements that are irrelevant to this court's determination of whether Lowe's violated section 378-2 of Hawaii Revised Statutes: Williamson's purported willingness to work the night shift as a Receiver/Stocker, and Lowe's alleged failure to contact Williamson to discuss his convictions.

Notwithstanding the lack of factual dispute in the briefs, Williamson argued at the hearing on the present motion that there was indeed a dispute. This argument was not supported by references to specific facts or evidence. This court accordingly concludes that there are no genuine issues of material fact precluding summary judgment as to Lowe's alleged violation of section 378-2.

Under section 378-2 of Hawaii Revised Statutes, it is an unlawful discriminatory practice for "any employer to refuse to hire or employ" any individual because of the individual's "arrest and court record." However, section 378-2.5 of Hawaii Revised Statutes permits an employer to "inquire about and consider an individual's criminal conviction record concerning hiring . . . provided that the conviction record bears a rational relationship to the duties and responsibilities of the position." An employer may consider a prospective employee's criminal conviction record "only after the prospective employee has

8

received a conditional offer of employment which may be withdrawn if the prospective employee has a conviction record that bears a rational relationship to the duties and responsibilities of the position." Haw. Rev. Stat. § 378-2.5(b). The conviction record that may be considered is restricted to "a period that shall not exceed the most recent ten years, excluding periods of incarceration." Haw. Rev. Stat. § 378-2.5(c).

Lowe's contends that section 378-2.5 permitted consideration of Williamson's convictions for felony assault, harassment, and assault in the third degree because those convictions were within the most recent ten years, excluding periods of incarceration, and the convictions are rationally related to the Receiver/Stocker position Williamson applied for. See ECF No. 27-1, PageID # 110.

Williamson does not appear to dispute that, at the time of his application for employment in 2011, his three convictions fell within the time period Lowe's was permitted to consider. Under section 378-2.5, Williamson's convictions within the ten years immediately preceding his application, excluding Williamson's incarceration from July 28, 1997 to November 19, 2002, could be considered. See ECF No. 30-2, PageID # 311. Williamson's harassment and assault convictions, from 2004 and 2005 respectively, clearly do not run afoul of the time limitation in section 378-2.5. Williamson's felony assault

9

conviction from 1998 was not within the most recent ten years at the time of Williamson's application for employment, but could nevertheless be considered because of the exclusion of Williamson's period of incarceration under section 378-2.5. Williamson's purported lack of knowledge that his 1998 conviction could be considered is irrelevant. See ECF No. 34, PageID # 332.

Before examining the manner in which Lowe's says Williamson's convictions relate to the position he applied for, the court points out that Williamson's papers present no analysis concerning whether there is or is not a rational relationship between his convictions and the position he applied for. He relies instead on a bald assertion that "genuine issues of material fact exist as to whether his criminal record[] was rationally related to his job duties." This statement is unaccompanied by the identification of any issue of disputed fact or any argument challenging the asserted rational relationship to the Receiver/Stocker position. Id. at PageID #338.

Williamson does cite Wright v. Home Depot U.S.A., Inc., 111 Haw. 401, 142 P.3d 265 (2006), which he reads as standing for the proposition that it is the trier of fact that must determine whether a position is related to a conviction. See ECF No. 34, PageID #s 336-38. In Wright, the Hawaii Supreme Court said:

> [W]hether, on an ongoing basis, Wright will
> be able to demonstrate that his prior
> conviction does not bear a rational
> relationship to his employment is an issue

>           within the province of the trier of fact and
>           not a proper issue to be determined by this
>           court as a matter of law on a motion to
>           dismiss.

Id. at 412, 142 P.3d at 276.

Wright is inapposite. First, that decision concerned a motion to dismiss, not a motion for summary judgment. The Hawaii Supreme Court was addressing what was appropriate only on a motion to dismiss.

Second, unlike Williamson, the plaintiff in Wright advanced specific arguments as to why his conviction record was not rationally related to his position with the defendant company. Id. at 407, 412. Therefore, in referring to determinations to be made by the trier of fact, the Wright court at least had before it a record that allowed it to identify potential factual disputes relating to whether the plaintiff's criminal record was rationally related to the position in issue. Williamson identifies no triable matter for this court.

Williamson's argument is also undermined by the Hawaii Supreme Court's recent decision in Shimose v. Hawai'i Health Systems Corporation, No. SCWC-12-0000422, 2015 WL 233248 (Haw. Jan. 16, 2015). In Shimose, the court stated:

>           When presented with cross-motions for summary
>           judgment in the context of HRS §§ 378-2 and
>           378-2.5, the court's task is two-fold.
>           First, the court must apprise itself of the
>           undisputed material facts relating to the
>           duties and responsibilities of the position.
>           In so doing, the court is not necessarily

11

> limited to duties and responsibilities
> contained in a formal job description.
> Second, the court must analyze the
> rationality of any relationship that the
> defendant has asserted between the conviction
> and the employee's ability to perform his or
> her undisputed job duties. Where factual
> issues bearing on the rationality of an
> asserted relationship remain, neither party
> is entitled to summary judgment.

Shimose, 2015 WL 233248, at *6.

In Shimose, the Hawaii Supreme Court explicitly recognized the court's duty at the summary judgment stage to examine "the rationality of any relationship that the defendant has asserted between the conviction and the employee's ability to perform his or her undisputed job duties." The court specifically considered the employer's arguments and concluded that there were disputed facts. Having identified no analogous disputed facts, Williamson's argument that this court is not permitted, on the present motion for summary judgment, to consider whether his convictions are rationally related to the position he applied for is without merit.

Given Shimose, this court begins its analysis of whether Williamson's convictions bear a rational relationship to the position of Receiver/Stocker by considering "the undisputed material facts relating to the duties and responsibilities of the position." Id. As previously noted, Williamson does not dispute any of the facts Lowe's has presented.

Lowe's states that a Receiver/Stocker "is responsible

12

for working at an efficient pace to stock shelves in various departments across the store" and that "[s]ince there is a very large amount of merchandise to stock on the store shelves and a limited amount of time and manpower to achieve the task, each step in the process is time-sensitive and team work is required to complete the work each shift." ECF No. 28-6, PageID # 185. Lowe's also says that a Receiver/Stocker must be "a team-oriented individual" who can communicate with supervisors, managers, and other employees, and "respond . . . courteously to any customer questions." Id. at PageID #s 186-87.

Under Shimose, the court next considers "the rationality of any relationship that the defendant has asserted between the conviction and the employee's ability to perform his or her undisputed job duties." Shimose, 2015 WL 233248, at *6. Such an analysis is not based on the "ultra-deferential rational basis test that is used in some equal protection cases." Id. at *4. A stricter standard applies in which the analysis "must be tethered to the nature of the conviction." Id. at *8 n. 12. The asserted relationship may not be "so remote or attenuated" that it is "arbitrary or irrational." Id. at *4 (internal quotation marks omitted).

Lowe's contends that Williamson's convictions for felony assault, harassment, and assault in the third degree are rationally related to the duties and responsibilities of a

13

Receiver/Stocker because the Receiver/Stocker position "requires an individual who can be relied on to interact professionally and courteously with supervisors, co-workers and customers, while at the same time managing a time-sensitive task of stocking a significant amount of merchandise in a limited time period." ECF No. 27-1, PageID # 122. According to Lowe's, Williamson's convictions of crimes involving harm to others indicate that Williamson "could pose a threat to other employees or customers at some point during his employment." Id. at PageID # 124.

Although Williamson failed to advance any argument challenging Lowe's asserted relationship between the convictions and the Receiver/Stocker position in his papers, Williamson's counsel argued at the hearing on the present motion that a rational relationship is absent. Williamson's counsel asserted that interaction with others, including supervisors, and working with others under time pressure are required of most, if not all, jobs, and that finding a rational relationship in this case based on those duties and responsibilities would mean any person with an assault conviction could be denied any job. This argument ignores the built-in stresses of a job requiring interaction with numerous people while under time pressure.

The need for someone who has convictions for crimes of violence to remain polite and professional while under pressure is at the center of the relationship Lowe's drew between

Williamson's convictions and the Receiver/Stocker position. That relationship is neither remote nor attenuated. It requires no stretch of the imagination to see the potential connection between the convictions and job circumstances likely to present time and interpersonal stresses.

Williamson's counsel's argument at the hearing that this conclusion would allow an employer to refuse to place a person with an assault conviction in any position does not withstand scrutiny. Many positions do not involve the combination of time pressure and interaction with others that the Receiver/Stocker position involves. A delivery truck driver, for example, would likely spend more time alone and interact with others less frequently than a Receiver/Stocker. The court is not here opining on whether such a position bears a rational relationship to an assault or harassment conviction. Rather, the court uses this example to illustrate the problem with Williamson's contention that virtually any position involves the same pressures as the Receiver/Stocker position.

Because Williamson identifies no triable issue, and because Lowe's establishes both that Williamson's convictions occurred within ten years (excluding periods of incarceration) from the time of Williamson's application, and that the convictions are rationally related to the Receiver/Stocker position, Lowe's is entitled to summary judgment on the section

378-2 claim.

**B.   Lowe's is Entitled to Summary Judgment as to Count II of the Complaint.**

At the hearing on the present motion, both parties agreed that Williamson's intentional infliction of emotional distress claim is derivative of his claim that Lowe's violated section 378-2 of Hawaii Revised Statutes.  In other words, Williamson's intentional infliction of emotional distress claim necessarily fails if Lowe's section 378-2 claim fails.

Having granted summary judgment as to Williamson's claim that Lowe's violated section 378-2 of Hawaii Revised Statues, the court also grants summary judgment as to Williamson's intentional infliction of emotional distress claim.

**V.      CONCLUSION.**

Lowe's motion for summary judgment is granted.  This disposes of all claims and all parties in this action.  Accordingly, the Clerk of Court is directed to enter judgment in favor of Lowe's and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Williamson v. Lowe's HIW, Inc., et al., Civ. No. 14-00025 SOM/RLP; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT